**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Joseph Badger, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Carson Smithfield, LLC, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| _____ | ) | |

**PRELIMINARY STATEMENT**

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and for violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. 10-1-390 *et seq.*

**PARTIES**

1.      Plaintiff, Joseph Badger, is a natural person who resides in Spalding County, Georgia.

2.     Defendant, Carson Smithfield, LLC, is a limited liability company formed under the laws of the State of Delaware and registered to do business in Georgia. Defendant may be served with process via its registered agent, C T Corporation System, 289 South Culver Street, Lawrenceville, GA 30046.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.     Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a registered agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7.      Plaintiff is allegedly obligated to pay a consumer debt arising out of a credit card and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a collection agency specializing in the collection of consumer debt.

9.      Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10.     Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11.     Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.     Defendant contacted Plaintiff in an attempt to collect a debt via written correspondence dated February 26, 2021.

13.     On or about February 26, 2021, Defendant caused to be sent to the Plaintiff a letter demanding payment of a debt owed to Merrick Bank Corporation in the amount of $3,675.62.

14.     The Defendant's letter contained highly sensitive and personal information related to the Plaintiff, including a) the Plaintiff's name and address; b)

the name of the Plaintiff's creditor; c) that the Plaintiff had a debt; d) the exact amount alleged to be owed; e) that the debt was in default; and f) that the debt was being collected by a collection agency.

15.    The letter received by the Plaintiff shows an Intelligent Mail Barcode (IMB) just above the address of the Plaintiff.

16.    IMBs are used by the United States Postal Service and contain information that includes the name and other identifying information of the actual sender of the item.

17.    The IMB displayed on the collection letter received by the Plaintiff, when decoded, reveals that the sender was not the Defendant, but rather IC Group (hereinafter "IC Group") a mailing service that has no relationship with the Defendant other than that of a service vendor.

18.    The Plaintiff believes and therefore avers that the Defendant communicated the personal information regarding the Plaintiff and his debt to IC Group in connection with the debt being collected and for the express purpose of facilitating that collection.

19.     The transmission of this information by the Defendant was an invasion of the Plaintiff's privacy.

20.     Without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1692c(b).

21.     Plaintiff did not recognize the debt when he received the February 2021 letter so he contacted Defendant via telephone in April of 2021.

22.     During the phone call, Plaintiff advised Defendant that he could not receive phone calls before 10:00am or after 6:00pm because he was caring for his sick mother.

23.     Defendant received his request and told Plaintiff that Defendant could not honor his request to not receive phone calls and that Defendant would continue to make collection calls to Plaintiff.

24.     Defendant's statement that it was unable to honor Plaintiff's request to not receive phone calls was a false, deceptive, and misleading communication which implied that Defendant was going to continue phone calls to Plaintiff which Defendant did not have the legal right to make.

5

25.   Defendant suffered anxiety and worry that he would continue to receive calls while he was caring for his elderly parent if he did not make a payment to Defendant.

26.   Defendant sought the advice of counsel in response to these statements by Defendant.

27.   Defendant's threat to continue to make phone calls to Plaintiff even though Plaintiff stated he could not receive phone calls during certain hours which he was caring for his sick mother was a threat by Defendant to take actions which it did not have the legal right to make, namely make collection phone calls during hours which the consumer had limited pursuant to 15 U.S.C. § 1692c(a).

28.   Defendant's threat to continue to make phone calls was a violation of 15 U.S.C. § 1692e and §1692e(5).

29.   The statutory language of 15 U.S.C. § 1692e(5) states that "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" is a violation of 15 U.S.C. § 1692e.

30.   The plain statutory language of 15 U.S.C. § 1692e(5) displays congressional judgment that violations of such express statutory language constitute a concrete injury for which the statute was expressly designed to prevent.

## INJURIES-IN-FACT

31.    The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

32.    An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

33.    Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

34.    Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

35.    Defendants acts and omissions caused particularized harm to the Plaintiff in that the Defendant's communication of the Plaintiff's personal information violated a clear statutory right and was an invasion of Plaintiff's

individual privacy; Plaintiff has suffered worry and anxiety about receiving harassing phone calls while he was caring for an elderly parent; and Plaintiff took time to discuss his debt with counsel in response to the false statements.

36.     Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing

## DAMAGES

37.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)     Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.)     Anxiety and worry due to concerns that he might receive collection phone calls while caring for an elderly parent, anxiety and worry caused by concern that Defendant would continue to disseminate private and sensitive information to third parties. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect his demeanor, his ability to engage in daily activities, resulted in sleeplessness, and adversely affected his relationships with others.

8

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

38.     Plaintiff incorporates by reference paragraphs 1 through 37 as though fully stated herein.

### *Violations of 15 U.SC. § 1692c and subparts*

39.     A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

40.     Defendant had direct and actual knowledge that the Plaintiff could not receive calls at the stated times.

41.     Defendant's threat to continue calls after receiving revocation from Plaintiff as described herein violated 15 U.S.C. § 1692c(a)(3).

42.     Defendant's communication of Plaintiff's personal information to Dantom as described herein was a violation of 15 U.S.C. § 1692c(b). See, *Huntstein*

9

*v. Preferred Collection and Management Services, Inc.*, No. 19-14434 (11th Cir. April 21, 2021)

43.     A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

44.     Defendant knew that Plaintiff had the right to request a cessation of calls but told Plaintiff misleading and deceptive information about his rights.

45.     Defendant's threat to continue calls after receiving revocation from Plaintiff as described herein violated 15 U.S.C. § 1692c(a), 1692d, 1692e and e(5) among others.

***Violations of 15 U.SC. § 1692e and its subparts***

46.     15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

47.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading.  *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

48.    The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

49.    Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

50.    A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

51.    Defendant's statement that Plaintiff could not limit the times he received phone calls was a false, deceptive, and misleading communication made attempting to collect a debt.

52.    Defendant's communications were in violation of 15 U.S.C. §§ 1692e and e(5) among others.

53.     As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, *et seq.*

54.     Plaintiff incorporates by reference paragraphs 1 through 53 as though fully stated herein.

55.     O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

56.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

57.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

58.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

59.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

60.     Defendant's conduct has implications for the consuming public in general.

61.     Defendant's conduct negatively impacts the consumer marketplace.

62.     Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

63.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

64.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

65.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

66.     Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

67.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)     Plaintiff's actual damages;

b.)     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)     Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

d.)     General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)     Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d);

f.)     Such other and further relief as may be just and proper.

Respectfully submitted this 25th day of May, 2021.

**BERRY & ASSOCIATES**
*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 451328
Atlanta, GA 31145
Phone 470-990-2568
Fax 404-592-6102
*chris.armor@armorlaw.com*
Plaintiff's Attorneys